1                UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
2                (Bryson City Division)

3

4

5  --------------------------x
  UNITED STATES OF AMERICA,  :
6         Plaintiff    :
                     :
7                     :
  vs                  :Criminal Action:2:12-CR-33(5)
8                     :
  KRISTY FRANKS,         :
9         Defendant.   :
  --------------------------x
10

11                      Tuesday, January 22, 2013
                       Bryson City, North Carolina
12

13      The above-entitled action came on for an Entry of
  Plea and Sentencing Hearing Proceeding before the
14  HONORABLE DENNIS L. HOWELL, United States Magistrate
  Judge, in Courtroom 50, commencing at 9:24 a.m.
15

16        **APPEARANCES**:
        On behalf of the Government:
17        RICHARD EDWARDS, Esquire
        Office of the United States Attorney
18        100 Otis Street
        Asheville, North Carolina  28801
19

20
        On behalf of the Defendant:
21        FRANK A. ABRAMS, Esquire
        19 North Oak Forest Drive
22        Asheville,  North Carolina  28803

23

24
  Tracy Rae Dunlap, RMR, CRR         828.771.7217
25  Official Court Reporter

1                        **I N D E X**

2                   EXAMINATION (BY THE COURT)

3   Kristy Franks........3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24                                                    <u>Page</u>

25   Reporter's Certificate ........................19

26

**P R O C E E D I N G S**

THE COURT:  I'm now going to call the case of United States of America versus Christy Franks which is file 2:12-CR-33-5 and which is on the calendar for the purpose of a Rule 11 proceeding with Ms.  Franks.

Ms. Franks, I am advised that you have filed a written plea agreement with the Government in regard to the charges that are pending against you in this case. As a result, I am required by the Federal Rules of Criminal Procedure to inquire and advise you concerning that agreement.  I'm going to have to ask you some questions, and you're going to be required to personally respond to those questions under oath.  I'm going to need for you to stand up, please, ma'am.  Put your left hand on the Bible there in front of you.  Raise your right hand and take the oath to tell the truth from the Clerk.

(Witness duly sworn at 9:25 a.m.)

**EXAMINATION**

BY THE COURT:

Q.    I'm going to let you sit down, Ms. Franks.  We've got several questions to go over, and I want you to be comfortable.  Ms. Franks, do you understand that you're now under oath and that you are required to give truthful answers to the questions I am about to ask you?

A.    Yes.

1  Q.    Do you understand that if you give false

2  information under oath that you may be prosecuted for

3  perjury or false statement?

4  A.    Yes.

5  Q.    Are you able to hear and understand my questions

6  to you?

7  A.    Yes.

8  Q.    Do you understand that you have the right to have

9  a United States District Judge conduct this proceeding?

10  A.    Yes.

11  Q.    Recognizing your right to proceed before a

12  District Judge, do you expressly consent to proceed in

13  this court before a United States Magistrate Judge?

14  A.    Yes.

15  Q.    Ms. Franks, there's been presented to me a

16  document entitled "Sealed Addendum to Entry and

17  Acceptance of Guilty Plea" which provides information to

18  me concerning your name, age, education, use of drugs or

19  alcohol, and medical information.  Did you provide the

20  information for the completion of that document and did

21  you sign that document?

22  A.    Yes.

23  Q.    Is all the information that you provided in that

24  document true and accurate?

25  A.    Yes.

1  Q.     Is your mind clear, and do you understand that

2  you're here today to enter a guilty plea that cannot

3  later be withdrawn?

4  A.     Yes.

5  Q.     Have you and your attorney reviewed the Bill of

6  Indictment, and have you and he reviewed the plea

7  agreement in regard to this case?

8  A.     Yes.

9  Q.     From my examination of the plea agreement I am

10  advised that you're pleading guilty to the single count

11  as contained in the Bill of Indictment.  Is that correct?

12  A.     Yes.

13  Q.     In the Bill of Indictment, it is alleged as

14  follows:  The Grand Jury charges from in or around April

15  of 2012, and continuing until on or about August 8th 2012

16  in Jackson, Buncombe and Haywood counties, which are

17  within the Western District of North Carolina and

18  elsewhere, Glen Ashe, Kenneth Ashe, Leslie Blakely,

19  Lester Arthur Davis, Kristy Franks, and Cornelius Mills

20  did knowingly and intentionally combine, conspire,

21  confederate and agree with each other and others, both

22  known and unknown to the Grand Jury, to possess with

23  intent to distribute a quantity of cocaine base, commonly

24  known as crack cocaine, a Schedule II controlled

25  substance.  It is alleged that said conspiracy involved

1    at least 280 grams of a mixture or substance containing a

2    detectable amount of cocaine base, in violation of Title

3    21 United States Code, sections 8481(a)(1) and 846.  Are

4    you pleading guilty to that offense?

5    A.      Yes.

6    Q.      Would you like for me to go over that question

7    with you again, ma'am?

8    A.      No.

9            MR. ABRAMS:  Your Honor, if I may.  There was an

10   agreement with the plea remitting to amounts which have

11   -- has a five year minimum mandatory attached to it.  And

12   as I explained to Ms. Franks, she is pleading to Count

13   One of the indictment and those are the penalties as

14   initially put forth in the indictment.

15           BY THE COURT:

16   Q.      All right.  Ms. Franks, what Mr. Abrams has

17   advised me is exactly correct in this case.  When I do

18   one of these plea proceedings I have to advise you about

19   what's charged in the Bill of Indictment.  There does

20   appear to be in the plea agreement an agreement that what

21   the amount of crack cocaine that was known or reasonably

22   foreseeable to you was only 72.3 grams, but I've got to

23   tell you about the maximum.

24   A.      Okay.

25   Q.      All right.  The law requires that I advise you of

the essential elements of such an offense.  Before I

advise you of those elements I am going to read to you

the statute that it is alleged that you have violated.

21 United States Code, Section 8481(a)(1) reads:  (a)

Unlawful Acts.  Except as authorized by this subchapter,

it shall be unlawful for any person knowingly or

intentionally, (1) To manufacture, distribute or dispense

or possess with intent to manufacture, distribute or

dispense a controlled substance.  And 21 United States

Code, Section 846 reads:  Any person who attempts or

conspires to commit any offense defined in this

subchapter shall be subject to the same penalties as

those prescribed for the offense, the commission of which

was the object of the attempt or conspiracy.

        The elements of the offense described in those two

statutes and in the sole count of the Bill of Indictment

are as follows.  (1)  That the conspiracy described in

the Bill of Indictment, that is an agreement with others

to violate the Federal Drug Act, was willfully formed and

was existing at the time alleged in the Bill of

Indictment; (2) That you willfully became a member of

that conspiracy; (3)  That the object of that conspiracy

was to violate the Federal Drug Act by possessing with

intent to distribute a quantity of cocaine base commonly

known as crack cocaine, a Schedule II controlled

substance. And (4) That you did such acts willingly,
intentionally and unlawfully.

Do you understand each element of the offense
charged as I have explained them to you?

A.     Yes.

Q.     Do you understand that upon a plea of guilty the
Government would be required to prove each element of the
offense charged beyond a reasonable doubt?

A.     Yes.

Q.     Do you understand that the Government would be
required to prove that the unlawful acts were committed
knowingly, willfully, intentionally and unlawfully?

A.     Yes.

Q.     I am also required by law to advise you concerning
the maximum and any minimum penalties prescribed by law
for such an offense. Based upon the amount of substance
alleged in the Bill of Indictment, the maximum possible
penalty for this offense is a term of imprisonment which
may not be less than ten years or more than Life
imprisonment, a fine not to exceed the sum of $10
million, or both; a term of supervised release of at
least five years, and a $100 special assessment.

However, if, at the time this offense was
committed, you had a prior conviction for a felony drug
offense which had become final, then you could be

sentenced to a term of imprisonment which may not be less

than 20 years or not more than life imprisonment, a fine

not to exceed the sum of $20 million, or both a term of

supervised release of at least ten years and a $100

special assessment.  If at the time this offense was

committed you had two or more prior convictions for a

felony drug offense which had become final, then you

could be sentenced to a mandatory term of Life

imprisonment without release, a fine not to exceed the

sum of $20 million, or both, and a $100 special

assessment.

        Do you fully understand the charges against you as

alleged in Count One of the Bill of Indictment, including

those potential maximum and potential minimum penalties?

A.      Yes.

        THE COURT:  Mr.  Edwards, has the Government filed

or does the Government contemplate filing any notices

under 21 United States Code, Section 851 concerning any

prior conviction of Ms. Franks?

        MR. EDWARDS:  No, sir.  My understanding is we

have not and do not anticipate doing so.

        THE COURT:  Thank you very much, sir.

                    **FURTHER EXAMINATION**

        BY THE COURT:

Q.      Ms.  Franks, do you understand that, if you are

1  not a citizen of the United States, your guilty plea may

2  result in your deportation from this country, your

3  exclusion for admission to this country, or the denial of

4  your naturalization under federal law?

5  A.     Yes.

6  Q.     Ms. Franks, if the Court imposes an active term of

7  imprisonment of more than one year, the Court is required

8  also to order a term of what is called "supervised

9  release."  A term of supervised release may be ordered in

10  other circumstances.  This means that after a defendant

11  is released from prison there are certain terms and

12  conditions they will be required to follow.  The length

13  of supervised release usually ranges from one to five

14  years but may be more or less than that for certain

15  offenses.  Do you understand the terms "supervised

16  release" as I have explained them to you?

17  A.     Yes.

18  Q.     Do you understand that if you violate the terms

19  and conditions of supervised release you could be

20  returned to prison for an additional period of time?

21  A.     Yes.

22  Q.     Do you understand parole has been abolished in the

23  federal system and that if you're sentenced to a term of

24  imprisonment you will not be released on parole?

25  A.     Yes.

1    Q.     Have you and Mr. Abrams discussed how the

2    sentencing guidelines may apply in your case?

3    A.     Yes.

4    Q.     Do you believe you understand how these guidelines

5    may apply to you?

6    A.     Yes.

7    Q.     Do you understand that the Court will not be bound

8    by the sentencing guidelines but, nonetheless, must

9    consult those guidelines and take them into account when

10   sentencing?

11   A.     Yes.

12   Q.     Do you understand that the sentence the Court will

13   impose will be within the statutory limits and in the

14   Court's sound discretion and could be greater or less

15   than the sentences provided for by the guidelines?

16   A.     Yes.

17   Q.     Do you understand that the Court will follow the

18   procedural components of the guidelines system, which

19   means that the probation office will prepare a

20   presentence report which contains guidelines

21   calculations?  And both you and the Government will have

22   an opportunity to object to any alleged deficiencies in

23   the report.

24   A.     Yes.

25   Q.     Do you understand that in some circumstances you

1 may receive a sentence that is different. That is,

2 either higher or lower than that called for by the

3 guidelines.

4 A.     Yes.

5 Q.     Do you understand that if the sentence is more

6 severe than you expect, or the Court does not accept the

7 Government's sentencing recommendation, you would still

8 will be bound by your plea and have no right to withdraw

9 the plea of guilty?

10 A.     Yes.

11 Q.     Do you understand that the Court has the

12 discretion in appropriate circumstances to order you to

13 make restitution to any victim of the offense?  The Court

14 may also, in the appropriate circumstance, require you to

15 pay the cost of your confinement in prison or cost of

16 supervision or special investigative costs, or all of

17 these costs.  The Court may also require you to forfeit

18 property involved in the offense.  Do you understand

19 these requirements as I have explained them to you?

20 A.     Yes.

21 Q.     Do you understand that you have a right to plead

22 not guilty, to have a speedy trial before a judge and

23 jury, to summons witnesses to testify in your behalf, and

24 to confront witnesses against you?

25 A.     Yes.

Q.      Do you understand that if you exercise your right
to trial you would be entitled to the assistance of an
attorney, that you would not be required to testify, that
you would be presumed innocent, and the burden would be
on the Government to prove your guilt beyond a reasonable
doubt?  Do you understand all of these rights?

A.      Yes.

Q.      Do you understand that by entering a plea of
guilty you forfeit and waive or give up your right to
plead not guilty to a trial by a jury and at that trial
the right to assistance of counsel, the right to confront
and cross-examine witnesses against you, and the right
against compelled self-incrimination or any other rights
associated with a jury trial?

        Do you understand that by entering this plea of
guilty you are waiving or giving up all of these rights
and a trial will not be held?

        If your plea of guilty is accepted there will be
one more hearing where the District Court will determine
(a) whether there is a factual basis for your plea and
(b) what sentence to impose.

        Do you understand all of these things?

A.      Yes.

Q.      Are you in fact guilty of the count in the Bill of
Indictment to which you have come to court today to plead

1   guilty?  That is, did you commit the acts described in

2   the single count of the Bill of Indictment?

3   A.      Yes.

4   Q.      Is your plea of guilty voluntary?

5   A.      Yes.

6   Q.      Other than the promises contained in the written

7   plea agreement, has anyone made any promise to you or

8   threatened you in any way to cause you to enter this plea

9   of guilty against your wishes?

10  A.      No.

11  Q.      Do you enter this plea of guilty of your own free

12  will fully understanding what you're doing?

13  A.      Yes.

14  Q.      Do you understand that entering a plea of guilty

15  to a felony charge may deprive you, at least for a time,

16  of certain civil rights, such as the right to vote, hold

17  a public office, serve on a jury, and possess a firearm?

18  A.      Yes.

19  Q.      Is your willingness to plead guilty the result of

20  prior discussions between your attorney, Mr.  Abrams, and

21  he having discussions with the attorneys for the

22  Government?

23  A.      Yes.

24  Q.      As a result, have you and the Government entered

25  into a plea agreement in regard to this case?

A.      Yes.

        THE COURT:  Mr.  Edwards, if you would, please
present the terms of that agreement.

        MR. EDWARDS:  Yes, sir.  The agreement is all in
writing and was signed and submitted to the Court on
January 10th of this year.  The major terms are that the
Defendant enters her plea of guilty to the single count
of the indictment.  As the Court's already mentioned, the
parties agree that the amount of cocaine base, or crack,
that was reasonably foreseeable to the Defendant was 72.3
grams.  The parties also agree that either party may seek
a departure or variance from the applicable guideline
range.

        The other major term I'd like to highlight is the
standard term in paragraph 18 on page four that, in
exchange for the concessions made by the Government, the
Defendant waives all rights to contest the conviction
except for a claim of ineffective assistance of counsel
by her attorney, or prosecutorial misconduct by the
Government.  Thank you.

        THE COURT:  Thank you very much, Mr.  Edwards.

                    **FURTHER EXAMINATION**

        BY THE COURT:

Q.    Ms. Franks, do you understand and agree with the
terms of the plea agreement as they've just been

1 explained to you by Mr. Edwards?

2 A.    Yes.

3 Q.    I believe your signature is on the plea agreement.

4 Is that correct, ma'am?

5 A.    Yes.

6 Q.    Have you discussed your right to appeal with

7 Mr. Abrams, and do you understand that the plea

8 agreement in this case provides that you may not appeal

9 your conviction or sentence or contest the same in a

10 post-conviction proceeding unless it is on the grounds

11 of, one, prosecutorial misconduct or, two, ineffective

12 assistance of counsel?

13 A.    Yes.

14 Q.    Do you knowingly and willingly accept these

15 limitations on your right to appeal and to file post-

16 conviction proceedings?

17 A.    Yes.

18 Q.    Mr. Abrams, have you reviewed each of the terms

19 of the plea agreement with Ms. Franks, and are you

20 satisfied that she understands those terms?

21        MR. ABRAMS:  Yes, Your Honor.

22                    **FURTHER EXAMINATION**

23        BY THE COURT:

24 Q.    Ms. Franks, have you had ample time to discuss

25 with Mr. Abrams any possible defenses that you may have

to these charges, and have you told Mr. Abrams

everything that you want him as your attorney to know

about this case?

A.      Yes.

Q.      Are you entirely satisfied with the services of

your attorney?

A.      Yes.

Q.      Are you telling me that you know and understand

fully what you're doing, that you've heard and understood

all parts of this proceeding, and that you want me to

accept your plea of guilty?

A.      Yes.

Q.      Do you have any questions, statements or comments

that you would like to make about anything that has been

brought up or discussed in the course of this proceeding?

If you do I'll be happy to try to answer your questions

or I'll be glad to hear any statements or comments that

you might wish to make, ma'am.

A.      No.

Q.      Ms. Franks, the majority of the questions that I

have asked you are contained in a document that is

entitled "Rule 11 Inquiry and Order of Acceptance of

Plea." As I was asking you the questions that are

contained within that document I was attempting to

accurately record your answers, but I will need for you

1    and Mr. Abrams to go over this document and make sure

2    that I have indeed accurately recorded your answers.

3    More importantly, I need for you and Mr. Abrams to make

4    sure that the answers that you gave me to those questions

5    were truthful. If after review you and he find that the

6    answers to the questions are both accurate and truthful,

7    then I will need for you and Mr. Abrams to sign this

8    document and hand it back to me.

9         Officer, if you would, please, provide the Rule 11

10   document to Ms. Abrams and to Ms. Franks.

11        Based upon the representations and answers given

12   by the Defendant and her attorney in the foregoing Rule

13   11 proceeding, I find that the Defendant's plea is

14   knowingly and voluntarily made and that the Defendant

15   understands the charges, the potential penalties and the

16   consequences of her plea, and her plea of guilty is

17   hereby accepted.

18        Is there anything further, Mr. Edwards that you

19   can think of that we need to do in regard to Ms. Franks'

20   case?

21        MR. EDWARDS: No, sir.

22        THE COURT: How about for the Defendant?

23        MR. ABRAMS: Nothing, Your Honor.

24        THE COURT: All right. That will complete all

25   proceedings today in regard to Ms. Franks.

1          Good luck to you, Ms. Franks.

2                    (Off the record at 9:43 a.m.)

3

4

5                              **CERTIFICATE**

6          I, Tracy Rae Dunlap, RMR, CRR, an Official Court
Reporter for the United States District Court for the
7    Western District of North Carolina, do hereby certify
that I transcribed from audio recording to the best of my
8    ability, by machine shorthand, the proceedings had in the
case of UNITED STATES OF AMERICA versus KRISTY FRANKS,
9    Criminal Case 2:12-CR-33(5) on January 22, 2013.

10         In witness whereof, I have hereto subscribed my
name, this 28th day of October 2013.

11

12                         __/S/__Tracy Rae Dunlap__
                           TRACY RAE DUNLAP, RMR, CRR
13                         OFFICIAL COURT REPORTER

14

15

16

17

18

19

20

21

22

23

24

25