1               UNITED STATES DISTRICT COURT
          FOR THE WESTERN DISTRICT OF NORTH CAROLINA
2                (Bryson City Division)

3

4

5  ---------------------------x
  UNITED STATES OF AMERICA,  :
6          Plaintiff    :
                        :
7                        :
  vs                      :Criminal Action:2:12-CR-33(5)
8                        :
  KRISTY FRANKS,          :
9          Defendant.    :
  ---------------------------x
10

11                    Wednesday, August 21, 2013
                    Bryson City, North Carolina
12

13      The above-entitled action came on for a Sentencing
  Hearing Proceeding before the HONORABLE DENNIS L. HOWELL,
14  United States Magistrate Judge, in Courtroom 50,
  commencing at 2:02 p.m.
15

16      **APPEARANCES**:
        On behalf of the Government:
17        DON D. GAST, Esquire
        Office of the United States Attorney
18        100 Otis Street
        Asheville, North Carolina  28801
19

20
        On behalf of the Defendant:
21        FRANK A. ABRAMS, Esquire
        19 North Oak Forest Drive
22        Asheville, North Carolina  28803

23

24
  Tracy Rae Dunlap, RMR, CRR         828.771.7217
25  Official Court Reporter

# I N D E X

                                                    Page
Reporter's Certificate ........................38

**P R O C E E D I N G S**

1

THE COURT:  Good afternoon, everyone.

MR. GAST:  Good afternoon, Your Honor.

MR. ABRAMS:  Good afternoon, Your Honor.

THE COURT:  The first matter this afternoon is the case of United States versus Kristy Franks which is before the Court for the sentencing of the Defendant pursuant to her plea of guilty on the charge of conspiracy to possess with intent to distribute cocaine base, in violation of 21 U.S.C., Sections 841 and 846.

Mr.  Abrams, good afternoon.

MR. ABRAMS:  Good afternoon, Your Honor.

THE COURT:  Is the Defendant prepared to proceed?

MR. ABRAMS:  The Defendant is prepared to proceed.

THE COURT:  Mr. Gast, good afternoon to you.  Is the Government prepared to proceed?

MR. GAST:  Good afternoon, Your Honor.  Yes, we are ready to proceed.

THE COURT:  In preparation for this hearing I have reviewed the Defendant's objections to the presentence report.  I have reviewed the Defendant's sentencing memorandum that includes a motion for downward departure and/or variance that has several letters that are attached.  I have reviewed the Government's motion for a downward departure under 5(k)(1.1).  And I have reviewed

1    the Government's sentencing memorandum.  I also reviewed

2    a document that was filed yesterday on behalf of the

3    Defendant, but I believe there was some mix-up there as

4    to what was to have been attached.

5          Mr.  Abrams, are there additional items that you

6    were intending to file that you were wanting to hand up

7    at this time?

8          MR. ABRAMS:  There is one letter, Your Honor, that

9    I have shown to Mr.  Gast and it's by an Edna J. Hartley.

10   If I may?

11         THE COURT:  Is it the same as the one that was

12   attached?

13         MR. ABRAMS:  It is the same.

14         THE COURT:  So the only error, then, was there was

15   an additional document that was inadvertently attached?

16         MR. ABRAMS:  Exactly.

17         THE COURT:  Okay.  Well I've read the one from

18   Ms.  Hartley.  I just wanted to check and make sure there

19   wasn't something in addition to that one that you wanted

20   to file.

21         MR. ABRAMS:  No.  That was it, Your Honor.

22         THE COURT:  Okay.  Any other items that were --

23   that have been filed or were intended to be filed in

24   preparation for this hearing?  Any for the Defendant?

25         MR. ABRAMS:  Nothing for the Defendant.

1      THE COURT:  Any others for the Government?

2      MR. GAST:  No, Your Honor.

3      THE COURT:  Very good.  Ms. Franks, I need for you

4 to stand, please.  Do you recall appearing before the

5 magistrate judge on or about the 22nd of January of this

6 year for the purpose of entering a plea of guilty in this

7 case?

8      THE DEFENDANT:  Yes, sir.

9      THE COURT:  Do you remember being sworn in or

10 placed under oath at that time?

11      THE DEFENDANT:  Yes, sir.

12      THE COURT:  Do you remember answering the

13 questions of the magistrate judge?

14      THE DEFENDANT:  Yes, sir.

15      THE COURT:  Is it correct that at that time you

16 signed a Plea Inquiry Form indicating that the answers

17 that you gave were true and correct at the time they were

18 given?

19      THE DEFENDANT:  Yes, sir.

20      THE COURT:  Were all the answers that you gave to

21 the magistrate judge, in fact, true and correct when you

22 answered his questions?

23      THE DEFENDANT:  Yes, sir.

24      THE COURT:  If I asked you all the same questions

25 here today would your answers be the same?

1     THE DEFENDANT:  Yes, sir.

2     THE COURT:  Mr. Abrams, were you in attendance at

3  the Rule 11 hearing for your client?

4     MR. ABRAMS:  Yes, I was, Your Honor.

5     THE COURT:  Are you satisfied that she has fully

6  understood the questions that were asked of her by the

7  magistrate judge at that hearing?

8     MR. ABRAMS:  I am.

9     THE COURT:  Are you satisfied that she has fully

10 understood the questions that I've asked her here today?

11    MR. ABRAMS:  I am.

12    THE COURT:  Ms. Franks, did you answer those

13 questions the way that you did and are you pleading

14 guilty because you did in fact commit the crime with

15 which you are charged?

16    THE DEFENDANT:  Yes, sir.

17    THE COURT:  Is your plea of guilty the result of

18 any threat or force or promise, other than promises that

19 may be in your plea agreement?

20    THE DEFENDANT:  No, sir.

21    THE COURT:  Are you pleading guilty voluntarily?

22    THE DEFENDANT:  Yes, sir.

23    THE COURT:  In this case you're pleading guilty

24 pursuant to a plea agreement.  In that plea agreement you

25 have agreed, and the Government has agreed, to certain

facts and certain factors for sentencing.  But under the
law I am not required to accept those facts or factors
just because both sides have agreed.  And if I decline to
accept any of those facts or factors in my sentencing
decision, that will not give you the right to withdraw
your plea.  Do you understand that?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Is it still your plea to plead guilty
in this matter?

          THE DEFENDANT:  Yes, sir.

          THE COURT:  Based upon the representations made to
the Court and the answers given by the defendant at the
Rule 11 hearing before the magistrate judge, the Court
finds, concludes and confirms that the Defendant's plea
is knowingly and voluntarily made and that the Defendant
understands the charge and the potential penalties and
consequences of her plea.

          Mr.  Abrams, does the Defendant stipulate that
there is a factual basis to support her plea of guilty
entered in this case and, further, that the Court may
accept the evidence as set forth in the presentence
report as establishing such factual basis?

          MR. ABRAMS:  The Defendant so stipulates, absent
the objection we filed as to one particular factual
scenario having to do --

1      THE COURT:  Well --

2      MR. ABRAMS:  Yeah.

3      THE COURT:  There was an objection that you lodged

4 to a particular fact that is in the offense conduct, but

5 that particular fact is not relevant to whether or not

6 there is a factual basis.

7      MR. ABRAMS:  Correct.  We do stipulate to a

8 factual basis.

9      THE COURT:  Okay.  And you stipulate that there is

10 sufficient facts set out in the presentence report to

11 which there is no objection to form a factual basis for

12 the charge and the plea in this matter; is that correct?

13      MR. ABRAMS:  Yes.  We so stipulate.

14      THE COURT:  Okay.  Mr. Gast, does the Government

15 so stipulate?

16      MR. GAST:  Yes, Your Honor.

17      THE COURT:  Based on the stipulation of the

18 parties and the evidence as set forth in the presentence

19 report, which report was previously reviewed by the

20 Court, and based upon the Defendant's admission of guilt,

21 the Court finds, concludes and confirms that there is a

22 factual basis for the Defendant's plea.  Accordingly, the

23 Court confirms the magistrate judge's acceptance of the

24 Defendant's guilty plea and this court accepts the

25 Defendant's plea of guilty, finds the Defendant is

guilty, and enters thereon a verdict and judgment of
guilty.

Ms. Franks, there is a document that has been
prepared; I'm holding up a copy of it here.  It has a
caption on the upper left-hand side that reads, "United
States of America versus Kristy Franks."  And over here
on the upper right-hand side it has a title that reads,
"Presentence Investigation Report."  I see that your
attorney is showing you a copy there at your table.  Have
you seen this document before today?

THE DEFENDANT:  Yes, sir.

THE COURT:  Have you had an opportunity to review
this document with your attorney?

THE DEFENDANT:  Yes, sir.

THE COURT:  Do you understand the contents of that
document?

THE DEFENDANT:  Yes, sir.

THE COURT:  Mr.  Abrams, have you had an
opportunity to review the presentence report with
Ms.  Franks?

MR. ABRAMS:  I have, Your Honor.

THE COURT:  Are you satisfied that Ms.  Franks
understands the contents of the presentence report?

MR. ABRAMS:  I am, Your Honor.

THE COURT:  Thank you.  Ms.  Franks, you may take

your seat.

With regard to the presentence report there is one outstanding objection that has been lodged on behalf of the Defendant pertaining to a particular factual statement that is set out in the presentence report that does not affect the factual basis or any of the criminal history or offense level calculations in this case.

Mr. Abrams, do you want to be heard further on that?

MR. ABRAMS: Just very quickly, Your Honor. Our position is she has four kids. And she has always put forth that she is a good mother and would never have used drugs in front of her children. This might be a factor that the Court might consider in sentencing her because, of course, use of drugs in front of kids is something that the Court might consider as a negative in regards to, you know, leniency. And we just want to put forth -- she wants to put forth to this court that if someone said that, or if another person said that, that that in her words is not true, Your Honor.

She is accepting responsibility for what she is guilty of and, basically, that's it Your Honor. She just wants the Court to know that she would never have done drugs in front of her kids or with her kids around.

THE COURT: Well, I'm a little bit confused about

your objection, though, because your objection says the
Defendant denies ever using crack cocaine in the presence
of the children.  But even paragraph 18 refers to the
defendant having gone into another room from where the
children were to have used the crack cocaine.  So I'm not
sure that the nature of your objection addresses even
what's said in paragraph 18.  Do you want to address that
any further?

      MR. ABRAMS:  Only, Your Honor, that what is
written may well be true, you know, that she --

      THE COURT:  I see that the Defendant is shaking
her head.  She says it's not true.

      MR. ABRAMS:  If I may have just one moment, Your
Honor?

      THE COURT:  You may.

          (Discussion held off the record between the
            Defendant and Mr. Abrams.)

              (Back in open court.)

      MR. ABRAMS:  Your Honor, her position is -- and
I'm representing my client to the best of my ability.
Her position is that that is not true, that she did not
use crack cocaine with her children present or go into
another room -- or go into another room.

      THE DEFENDANT:  I can tell you why --

          (Discussion held off the record between the

1        Defendant and Mr. Abrams.)

2             (Back in open court.)

3        MR. ABRAMS:  She said that something else happened

4  that day, but that is not an accurate description of what

5  happened.

6        THE COURT:  Okay.  Thank you.

7        Mr. Gast, does the Government have anything that

8  you want to say or offer in response?

9        MR. GAST:  Not especially, Your Honor.  I have no

10  objection to the Court considering it as a proffer of her

11  denial.  We just ask the Court to also consider that this

12  is what the Confidential Source reported and that there

13  was a lot of corroboration with everything else that the

14  Confidential Source reported, and then the Court has to

15  make that determination.

16        THE COURT:  Okay.  With regard to the objection.

17  As noted earlier, the particular language objected to

18  really does not have any effect on the calculation of the

19  offense level, the calculation of the criminal history

20  category or any other determination to be made as a part

21  of this hearing.  Obviously, the Defendant is raising

22  this objection on the grounds that the information set

23  out in paragraph 18 may influence the Court based on the

24  Section 3553(a) factors to impose a harsher sentence.

25        What I will do is I'm going to overrule the

objection and accept the presentence report as written.
However, I will note that the Defendant, who has accepted
responsibility and has accepted the truth of all the
other statements within the presentence report,
obviously, is quite strong in her disagreement with that
particular statement and I will take that into account
with regard to my decision in this matter.  So the
objection is overruled, and the presentence report is
accepted as to that matter as written.

Are there any other matters concerning the
presentence report that need to be addressed,
Mr.  Abrams?

MR. ABRAMS:  Nothing further, Your Honor.

THE COURT:  And Mr. Gast, anything for the
Government?

MR. GAST:  No, sir, Your Honor.

THE COURT:  Okay.  Therefore, the presentence
report as a whole is accepted as written and, based
thereon, the Court will find that the total offense level
in this case is 23 and the criminal history category in
this case is II.  Based on that total offense level and
criminal history category, the Court determines as a
matter of law that the guideline range would be 51 to 63
months.  But in light of the statutory mandatory minimum
and Section 5(g)(1.1) that makes the guideline range in

1 this case 60 to 63 months.

2          Mr. Abrams, did I calculate that correctly?

3          MR. ABRAMS:  Your Honor, I apologize.

4          THE COURT:  Do you need some water?

5          MR. ABRAMS:  I might need a little.

6          THE COURT:  There's some right there.

7          MR. ABRAMS:  Thank you, Your Honor.  I've been

8 fighting this for the last --

9          THE COURT:  I understand.

10          MR. ABRAMS:  -- few days.

11          Thank you.  I believe Your Honor said when he

12 adjusted the guidelines it's a 23, Level II, which is 51

13 to 63 months.  Correct?

14          THE COURT:  You were coughing through part of

15 that.  Let me repeat it to make sure you understood what

16 I said.  I've found that the total offense level is 23

17 and the criminal history category is II.  Based on that

18 total offense level and criminal history category, the

19 guideline range would be 51 to 63 months.  But in light

20 of the statutory mandatory minimum and Section 5(g)(1.1),

21 that makes the guideline range 60 to 63 months.

22          MR. ABRAMS:  That's correct, Your Honor.

23          THE COURT:  Mr. Gast, do you agree?

24          MR. GAST:  Yes, sir, Your Honor.

25          THE COURT:  The next thing I want to turn to then

1  is the Government's motion for downward departure.

2  Mr. Gast, I have read the written motion that you have

3  submitted.  Is there anything in addition to what you

4  have presented in the written motion that you want to be

5  heard on?

6         MR. GAST:  No, sir, Your Honor.  Thank you.

7         THE COURT:  And with that, I have reviewed the

8  motion carefully.  I see that the nature and extent --

9  first of all, that the Defendant has provided substantial

10  assistance in the investigation and prosecution of others

11  and that the nature and extent of that substantial

12  assistance is such as to warrant a downward departure the

13  equivalent of two offense levels.  Therefore, the Court

14  will sentence in this matter, with reference to the

15  guidelines, as though the offense level were 21 rather

16  than 23.  And therefore, the equivalent guideline range

17  to be applied for reference in this matter is 51 --

18  excuse me, 41 to 51 months.

19         Mr. Abrams, did I calculate that correctly?

20         MR. ABRAMS:  You did, Your Honor.

21         THE COURT:  Do you agree, Mr. Gast?

22         MR. GAST:  Yes, sir, Your Honor.

23         THE COURT:  Well, then, Mr. Abrams, tell me what

24  is the appropriate sentence for me to impose in this

25  case.

1        MR. ABRAMS:  Your Honor, I filed a sentencing

2   memorandum.  And basically --

3        THE COURT:  I've read it.  As you know, if you

4   submit it, I'll read it.  I have read it; you can assume

5   that I have.

6        MR. ABRAMS:  I know that indeed.  Your Honor, here

7   we have a situation where Ms. Franks has cooperated from

8   the very beginning.  She has four children who love her;

9   numerous letters in support of leniency in this

10  particular case.  She accepted responsibility and she

11  wants to turn her life around.  Letters include the fact

12  that she is going to church and that she wants to be a

13  good role model for her kids.  She knows that she needs

14  drug rehab, and she would ask that the Court consider

15  putting her into a program.

16       As the Court can tell, she cares deeply about her

17  kids.  She knows that she's made mistakes and she has

18  stated wants to go forward.  Her father is here and other

19  people are here on her behalf.  This is a woman who is

20  loved and who knows this and who feels grateful in many

21  ways.  And she does desire to address the Court.  She

22  feels grateful in many ways because this is -- even

23  though it's not a happy thing to get arrested and charged

24  and all the things that she has to go through and to be

25  away from her kids, she knows this is the only way to go

forward.

She's been incarcerated for eight months at this stage of the game, and I want to bring something to Your Honor that I think needs to be brought up in sentencing hearings. In some ways, I think I've been negligent in not bringing these matters up.

THE COURT: Before you move on to that. You've said something that is different from what I understand from the record. You said she's been in custody for eight months?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Okay. Because this referred to her having been taken into custody on December 11th -- okay. So that is eight -- excuse me. That is eight months. I calculated wrong.

MR. ABRAMS: If I -- may I?

THE COURT: You may continue.

MR. ABRAMS: Thank you, Your Honor. I believe under the 3553(a) factors the Court should consider the costs relating to incarceration. And based upon the most recent figures put out that I can determine from -- by the Department of Justice, the amount to keep a federal prisoner incarcerated per year is $34,135.

THE COURT: Let me stop you for a second. Under which of the provisions under 3553(a) do you say that

1  that falls?

2       MR. ABRAMS:  All right.  I'm going to try to tie

3  this in as well as with *Booker*.  Under (d) it says that

4  imposition of the sentence -- and, of course, there are

5  several factors that are listed:  to provide the

6  defendant with needed educational and vocational

7  training, medical care or other correctional treatment in

8  the most effective manner.  Okay.  I'm going to tie this

9  in as best I can.  My position is that my client needs

10  drug treatment.  That's all that she really needs.

11       Studies have shown that once a person is

12  incarcerated for even three years that they have learned

13  their lesson.  I'm going to make a pitch to Your Honor

14  based upon 3553(a) factors, as well as *Booker*, which says

15  that -- it says that, basically, a court should institute

16  a sentence sufficient but not greater than necessary.

17  I think monetary considerations affect every case.  If

18  there is no consideration concerning money, funds will

19  not be there to provide drug treatment.  Funds will not

20  be there to provide defendants with adequate defense

21  attorneys.  Funds will not be there for court personnel

22  to be there.

23       I believe that 3553(a) mandates, as well as

24  *Booker,* that the Court consider all considerations

25  relating to sentencing that is relevant, even if that

relevance not only affects one particular defendant but across the broad spectrum of the entire group of defendants, across -- that the Court handles, and even across the country that the court must consider monetary considerations. I think it would be negligent if the Court did not consider what it would cost to incarcerate --

THE COURT: Mr. Abrams, if I do that, if I start trying to consider the costs of incarceration as opposed to alternatives, how do I then apply the sentencing guidelines? Those same costs apply in every case. The those average costs are the same, regardless of who the defendant is and what he or she did. Does that just mean that there's -- since the country -- the federal government's now broke, so I have to discount all of the guideline ranges by, is it 10 percent? Is it 20 percent? Is it 50 percent? How do I do this sort of calculus that you want me to do?

MR. ABRAMS: This is how I believe the Court should do this calculation. However, whether or not, you know, I can say for sure that this is the way the Court might want to do this type of calculation I cannot say. But I believe that the law mandates considering -- in making all considerations that the Court should look at each particular defendant and what those defendants'

needs are, absent more than just -- more than just
consideration considering punishment and deterrence.
Those are all factors too, but I believe that money and
the costs of effectuating what is necessary for each
defendant need to be taken into consideration under 3553.

I cannot tell you specifically the Court should
give this much weight to the factor or that much weight
to the factor, but I know that the Court should give some
weight to the factor and not discount the factor
completely.  Because by discounting the factor
completely, I believe the Court would not be
accomplishing what 3553 stands for, and that is the Court
shall impose a sentence sufficient but not greater than
necessary to comply with the purposes set forth in
paragraph two.

I think that monetary -- I believe that with each
defendant monetary considerations fall in line with that
paragraph, as well as with *Booker*.  I do not believe that
discounting those factors entirely would be proper.  I
realize, Your Honor, this is a novel argument.  And I'm
putting forth this argument in many ways not solely as,
you know, in response to the Sequester and what the
government is doing, but I believe, in the light of day,
a court should and must consider all relevant factors.
The Court may consider these factors as tangentially

relevant or marginally relevant.  They are relevant.  And

discounting them entirely, I believe, would be improper.

THE COURT:  Okay.  Do you have any other argument

as to what is the appropriate sentence for me to impose?

MR. ABRAMS:  Well I did break it down into

monetary considerations, Your Honor.  I believe that she

needs 33 months of incarceration is our view.  It is our

position it should go down two addition levels.  That is,

the 33 months of incarceration will give her enough time

incarcerated to go through a drug treatment program and

allow her to go back with her kids.  The costs to the

government, if I may, is $93,871 based upon an amount of

$2,844.58, not adjusted for inflation, that it would cost

to keep her in jail per month, as opposed to, for

instance, a 41-month sentence which would cost the

government $116,627.78 and a 51-month sentence which

works out to $145,073.58.  And I just want to point out

--

THE COURT:  How did you arrive upon a two level --

an additional two level reduction?  I mean, did you just

pull that out of the air?  Do you have a reason for it?

MR. ABRAMS:  It takes about two years to go

through drug -- to get someone into drug rehab, into the

classes and get them out once they are put into a federal

prison.  That's 24 months she's been in there for eight

months.  I added the two together and added one

additional month, and that's where I came up with the 33

months.

THE COURT:  So your argument is that what the

Defendant really needs is drug rehab.  That it is your

estimation that if I sentence her to 33 months that she

would receive that treatment as expeditiously as

possible, and as soon as she completes it that the

sentence would be concluded?  That's your calculation?

MR. ABRAMS:  I would also put in, as I said

before, that studies have shown within three years people

have learned their lesson.  That's right up there with

three years.  It's not fun being separated from one's

children.  That's punishment, Your Honor.  There's a

deterrent effect.  But I think that to go further is

overreaching, Your Honor.  I think it would --

THE COURT:  Well let me ask you this.  How do you

square your argument with the Supreme Court case that

says I can't fashion the length of a term of

incarceration based on what sort of services would be

received during that term?  In other words, the two are

to be considered independent of one another.  There, of

course, the situation was, as you know, with the 500-hour

program, which is a very good drug program.  A defendant

isn't going to receive the benefit of that unless he or

1  she receives a 60-month sentence.  And there the judge

2  imposed a 60-month sentence and said on the record, I'm

3  doing this so that the defendant gets the 500-hour

4  program.  The Supreme Court says you can't do that.  So

5  how can I link time to rehabilitative services that are

6  provided, which is exactly what you're asking me to do?

7        MR. ABRAMS:  Well I would argue it's not exactly

8  what I'm asking you to do, but I'm asking you to consider

9  it.  Once again, I believe these are considerations.  In

10  some ways these are novel arguments, Your Honor.  But I

11  believe that if it cannot be accomplished within that

12  period, then I believe it would be -- the government

13  would be at fault.  The purpose of -- the statutory

14  purposes of punishment are basically this, to afford for

15  certain things such as rehabilitation and deterrence,

16  other factors that affect the defendant personally.  And

17  this would be a fair sentence -- a sentence that, I

18  believe, would be just under the circumstances, that two

19  points reduction.  And I believe that the Court should

20  consider the monetary impact that the additional time is

21  going to cost.  Costs relating to other defendants and

22  the court system as a whole and specifically this

23  defendant.

24        THE COURT:  Okay.

25        MR. ABRAMS:  That's my best argument, Your Honor.

1          THE COURT:  Okay.  Thank you.

2          Mr.  Gast, what's the position of the Government?

3          MR. GAST:  Your Honor, please.  The Government

4    believes that a guideline sentence is appropriate in this

5    case in consideration of the 5(k) motion that the Court's

6    granted.  First, just very briefly, about the financial

7    arguments made by Mr.  Abrams.  We ask the Court not to

8    consider that, as those are policy arguments and they are

9    not appropriate for this court.  Those are great

10   arguments to make to his representative or his senator,

11   but to make them here would be entirely inappropriate.

12   Those are not matters for the Court to consider.

13   What's more, if this Court considered those matters and

14   other courts did not, that would result in unwarranted

15   sentencing disparities which the law clearly directs the

16   Court not to do.

17          If such considerations are to be made then they

18   need to be made across the board, and that means Congress

19   needs to do that.  And beyond that, just saying this is

20   how much it costs to incarcerate somebody so let's save

21   that money?  Obviously, if we let everyone out, that

22   would save the government a whole lot of money.  It just

23   then would have other societal costs.  This court is not

24   in the position to weigh those -- to balance those

25   interests.  There's no information presented to the Court

to allow it to do so.  So I ask the Court not to consider
that at all.

Your Honor, a couple of things about her, in
particular, when considering where in the guideline range
to sentence her.  One is that she is a recidivist.  She
was previously convicted of possession of marijuana with
intent to distribute and another distribution charge.  In
fact, she was on probation for that offense.  And if the
Court looks at paragraph 59 and the factual recitation of
what occurred during that conviction, some of those
transactions also were in front of minor children, and
that is very troubling.

When we look at the instant case before the Court
of numerous transactions that occurred in front of the
children, those are set forth just -- this wasn't my
case.  But just a skimming of the facts shows, at least
in four different paragraphs, paragraphs 10, 12, 18 and
19 all make reference to -- even if we accept the proffer
that she didn't smoke the drugs in front of the children,
she either did it in another room or was allowing drug
trafficking to go on in the presence of the children.

There's evidence in the record of her driving her
children out at 11:30 at night to conduct the drug trade.
There was paragraph 12 where -- I'm sorry.  It was
paragraph 10 where, when the undercover and the

Confidential Source arrived at her home, she left the

home and asked the Confidential Source and the

undercover, whom she believed to be drug users, to watch

her children for her while she went and got drugs for

them. Your Honor, I have pretty strong feelings about

people using children in this position and I'll try to

limit myself to just the rational arguments about that.

I guess what I would say about that is that it's hard for

the government to look at the existence of children in

this scenario and not look at that as an aggravator,

rather than mitigator.

Having small children for whom you are responsible

is exactly why you do not engage in this conduct. That

is exactly why you go to treatment and you get yourself

off those drugs. That is exactly why you put their needs

before your physical wants and your physical desires.

And to be sure, reading these letters from the children,

I mean, they're heartbreaking. They're heartbreaking to

me as a parent, as well.

But you look at that, number one, and it just

breaks your heart to even think of the process of asking

a child to do that. Here, please write a letter to the

Court asking the judge not to put Mommy in jail. I mean,

what an awful thing to subject a child to in the first

place. Secondly, what child of this age would not write

those things when asked to by their parent?  We see that
all the time, even in child sex abuse cases where the
children say nice things about the parents about not
wanting them -- that's their world.  That's what they
understand.  I don't pretend to know the dynamics of this
home in particular; I'm certainly not in a position to
tell the Court whether, you know, the kids genuinely felt
this whey or didn't feel this way.

I'm simply saying that the defendant put those
children in an extremely difficult position and even
having to author these letters, not to mention the
difficult position she put them in of ferrying them
around conducting drug trades and having people whom she
believed to be drug dealers watch the children while she
leaves to go get drugs to give them.  So, to say that
someone has children and because they have children that
should be some kind of mitigator and that should justify
giving them a shorter sentence, I don't know what's
better.

A lot of times we see male defendants who have no
contact with their children on a regular basis and yet
they come before the Court asking to have that time with
their children before they're too old to miss that.  At
least in that circumstance when they don't have that
contact with the children, those typically male

defendants who don't have the contact with the children, at least are not subjecting the children to that lifestyle to that environment. Here you have an environment clear from the record where this is going on around them on a regular basis.

So I ask the Court not to consider this a mitigator. As much as I want to say it ought to be considered as an aggravator, I'm not even asking the Court to do that. I'm simply saying this is not a basis for which to justify a downward departure. Lots of defendants have children and lots -- not all, unfortunately, but lots of those defendants would prefer to be with those children. Indeed, all of those defendants would prefer to be doing something else rather than being incarcerated but that's not a basis for a downward departure. In fact, looking at the circumstances of this drug conspiracy, this is, if anything, I think the existence of the children around those actions makes this different than the heartland drug conspiracy and makes it worse, not better.

The other thing, of course, is that during -- and I mentioned the recidivism earlier. But during the course of this conspiracy she was on supervision. So at each and every one of those transactions, even if we didn't know anything about it, even if the people to whom

1  she were selling weren't an undercover and a confidential

2  source, it could have subjected her to a new arrest for

3  that single transaction and the revocation of supervised

4  release, and it didn't seem to bother her at the time.

5  All that to be said, Your Honor, those kids were in a

6  very bad position and it's because of these defendants.

7  So I ask the Court to sentence within the guideline

8  range, rather than a downward departure.

9       Finally, Your Honor, with respect to this notion

10  that treatment is all she needs.  Treatment may be what

11  she needs.  But I would submit to the Court, just looking

12  at the record, she was on probation.  She was actually

13  getting some drug treatment, according to paragraph 85.

14  Perhaps she needed some better treatment than that.  But,

15  really, when you're on probation, that's kind of on her

16  to seek that out.  And the fact that she didn't seek that

17  out -- of course, everybody seeks it out once they are

18  facing prison.  And, you know, we all hope they take it

19  and it inures to their benefit and frees them from that.

20  But to say that, you know, just because it's a drug case

21  we should sentence them to the very bare minimum or they

22  need to get drug treatment and no more.  I, frankly,

23  submit that's ludicrous.  And not only is it ludicrous,

24  but it would warrant -- it would result in unwarranted

25  sentencing disparities.

1    In fact, the Court should consider the nature of

2 the quantity and the factors that are set forth in the

3 guidelines, consider the substantial assistance that she

4 did give which has put her a year or so below the

5 mandatory minimum that the statute would require that she

6 receive.  So she's done herself good in that respect.

7 But to come before the Court and say it's, you know, do

8 something less for the children.  I would submit that

9 looking at the record, if anything, I don't think that

10 that would be to the children's benefit.  Thank you.

11    THE COURT:  Okay.  Thank you.

12    Ms.  Franks, at this time you have the opportunity

13 to address the Court and to tell me anything that you

14 feel I should know before I make my decision about your

15 case.

16    THE DEFENDANT:  I just want to say I'm sorry.  I

17 made mistakes and I screwed up, and I know I hurt my kids

18 the most.  I can't change nothing I did.  I'll accept

19 whatever I get and I'll make the best of it.  But I do

20 love my kids, and I just hope that they and my family can

21 forgive me.

22    THE COURT:  Take your time.

23    THE DEFENDANT:  I mean, there are some things in

24 the thing that's not true but, you know, I accept the

25 responsibility and what I did do, and I'm sorry.  That's

all I can say.

THE COURT:  Okay.  Thank you  Ms. Franks.

Ms.  Franks, I need for you to stand for the imposition of sentence.  Pursuant to the Sentencing Reform Act of 1984 and the case of *United States versus Booker*, it is the judgment of this court, having considered the factors noted in 18 U.S.C., Section 3553(a), that the defendant, Kristy Franks, is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 41 months.

Now with regard to the application of the factors for sentencing under the statute, Section 3553(a), there are several factors that go into the formulation of this sentence.  First of all, with regard to the seriousness of the offense.  I see a lot of drug cases in this court, and a number of them deal with crack cocaine or cocaine base.  It is one of the more dangerous drugs that I see. It does tremendous damage to people's lives.

I think that is reflected by the fact that even for the drug quantities that are involved in this case Congress, in its wisdom, has seen fit to require a mandatory minimum sentence of five years in cases like this.  Now I haven't imposed five years because there are some different circumstances here, but Congress sees this as an offense that requires a minimum of five years.

Until the recent amendments to the statute, Congress saw
that this was a quantity that warranted a minimum
sentence of ten years in prison. That's how serious the
law takes this particular offense. Now, of course,
Congress has changed that. I'm aware of the fact that
the ten year minimum no longer applies, but I think that
reflects the danger of this drug to the people who use
it, to the people to whom it is sold, and the cancer that
it is on our neighborhoods, on our communities, and on
our society as a whole.

That being said, in this case, I have imposed a
sentence that really is a third off of the mandatory
minimum. I have done so because of the cooperation of
the defendant. I think that it promotes respect for the
law to allow for a reduction in sentence for someone who
has been cooperative with the authorities, particularly
in the investigation and prosecution of others who are
breaking the law and, therefore, I have allowed for a
substantial reduction for that. I believe that the
41-month sentence, though, is really the minimum to which
I can go, notwithstanding defense counsel's arguments
because I need -- I believe that that is necessary to
afford adequate deterrence to conduct of this nature, not
just by this defendant but by others who may contemplate
it. In other words, if there is anyone who is

considering distributing this quantity of crack cocaine,
they need to realize that there are very few
circumstances, if any circumstances, that they would
receive a sentence less than 41 months for such activity,
particularly when it is done while already under
supervision at the time that the offense is being
committed.

I've heard defense counsel's very creative
arguments, but I do have to say that the upshot of the
defense argument with regard to the financial
considerations is that for financial reasons the Court
should disregard the advice provided by the guidelines.
If I do that and other courts don't, then I have a
tremendous disparity in the sentences that are given.
Moreover, that's a policy consideration.  If the
Sentencing Commission thinks that sentences ought to be
substantially shorter because prisons are so expensive,
then the Sentencing Commission ought to tell us that
that's the guidance that they give us.  For me to start
trying to make up what the Sentencing Commission is
trying to tell us through the guidelines because of what
it costs, it creates a sort of attempted calculation that
nobody can do and that's impossible.

Likewise, with the arguments that are set forth in
the Defendant's brief:  Essentially, that the Defendant

has children who need her.  I believe that that's very true and that the root of the Defendant's offenses are her addiction.  I believe that that's probably true. Unfortunately, that's exactly the same thing that I hear in case after case after case.  This case really isn't any different there.  It's a terrible commentary under the circumstances but that doesn't make it a case that's outside of the heartland, and I have to find that it's outside of the heartland in order to go outside of the guideline range or to otherwise depart or vary from the guidelines.  So, for those reasons, I have imposed the sentence that I have.

It is ordered that the Defendant be required to support all dependents from prison earnings while incarcerated, as outlined in the presentence report.

The Court calls to the attention of the custodial authorities that the Defendant has a history of mental health issues and recommends that the Defendant be allowed to participate in any available mental health treatment programs during the period of incarceration.

The Court also calls to the attention of the custodial authorities that the defendant has a history of substance abuse and recommends that the Defendant be allowed to participate in any available substance abuse treatment programs while incarcerated and, if eligible,

1  to receive the benefit of 18 U.S.C., Section 3621(e)(2).

2       It is further recommended that the Defendant be

3  allowed to participate in any educational and vocational

4  opportunities while incarcerated.

5       Upon release from imprisonment the Defendant shall

6  be placed on supervised release for a term of four years.

7  Within 72 hours of release from the custody of the Bureau

8  of Prisons, the Defendant shall report in person to the

9  probation office in the district to which the Defendant

10  is released.  While on supervised release, the Defendant

11  shall not commit another federal, state or local crime

12  and shall comply with the standard conditions that have

13  been adopted by the Court in the Western District of

14  North Carolina.

15       It is further ordered that the Defendant shall pay

16  the United States a special assessment in the amount of

17  $100.

18       The Court finds that the Defendant does not have

19  the ability to pay a fine or interest.  And having

20  considered the factors noted in 18 U.S.C., Section

21  3572(a), the Court will waive the payment of a fine and

22  interest in this case.  Payment of the criminal monetary

23  penalties shall be due and payable immediately.

24       The Court has considered the financial and other

25  information contained in the presentence report and finds

that the following is feasible.  If the Defendant is
unable to pay any monetary penalty immediately, during
the period of imprisonment, payments shall be made
through the Federal Bureau of Prisons Inmate Financial
Responsibility Program.  Upon release from imprisonment,
any remaining balance shall be paid in monthly
installments of no less than $50 to commence within 60
days after release until paid in full.  Throughout the
period of supervision, the probation officer shall
monitor the defendant's economic circumstances and shall
report to the Court with recommendations, as warranted,
any material changes that affect the defendant's ability
to pay any court ordered penalties.

Mr.  Abrams, were there any other issues regarding
either the sentence or the judgment that need to be
addressed?

MR. ABRAMS:  No other issues, Your Honor.

THE COURT:  Any for the government, Mr.  Gast?

MR. GAST:  No, Your Honor.

THE COURT:  Ms.  Franks, you have the right to
appeal this sentence to Fourth Circuit Court of Appeals
on any grounds you've not previously waived.  You've
pleaded "guilty" pursuant to a plea agreement.  That plea
agreement includes some waivers that may substantially
affect your appeal rights.  You will need to consult with

your attorney regarding the effect of those waivers.
However, if you choose to appeal, you must file a written
notice of appeal with the clerk of this court within a
period of 14 calendar days following the date of the
entry of the final judgment in this case.

If you choose to appeal but do not have the funds
with which to appeal, you have previously been determined
to be indigent and therefore may appeal at government
expense. Do you understand this right of appeal as I
have explained it to you?

THE DEFENDANT: Yes, sir.

THE COURT: In closing, Ms. Franks, I want to make
an observation. And that is, in many respects you have
an opportunity that relatively few defendants have. And
that is that you are young enough and this sentence is
short enough that you're going to get another chance.
The thing is, if you mess up this chance, there is no way
that you're going to get that time back with your
children. And the ones who will suffer a hundred times
more than you will will be your children. Make sure that
from here you turn things around. I am gratified to see
that you have the sort of family support that you have,
because that bodes well for your ability to do that. But
it depends more than anything else on what you do and
what you decide to do and what you determine to do, if

1  not for yourself, for your kids.  For their sake make

2  sure that you never get messed up with this again.  Make

3  sure we never see you back here again.  It's not because

4  we don't like to see you, we just don't like to see you

5  like this.  Please make sure that happens.  We wish you

6  the best in that, Ms. Franks.

7       THE DEFENDANT:  Thank you.

8       MR. ABRAMS:  Thank you, Your Honor.

9       THE COURT:  The Defendant is remanded to the

10  custody of the marshal.  This matter is concluded.

11       (Off the record at 2:52 p.m.)

12

13

14  **CERTIFICATE**

15       I, Tracy Rae Dunlap, RMR, CRR, an Official Court
Reporter for the United States District Court for the

16  Western District of North Carolina, do hereby certify
that I transcribed from audio recording to the best of my

17  ability, by machine shorthand, the proceedings had in the
case of UNITED STATES OF AMERICA versus KRISTY FRANKS,

18  Criminal Case 2:12-CR-33(5) on August 21, 2013.

19       In witness whereof, I have hereto subscribed my
name, this 29th day of October 2013.

20

21       __/S/__Tracy Rae Dunlap__
     TRACY RAE DUNLAP, RMR, CRR

22       OFFICIAL COURT REPORTER

23

24

25